

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Morris W. Hassell
County Attorney
Cherokee County
Rusk, Texas

Dear Sir:                    Opinion No. O-7019

                    Re: Issuance of warrants in
                        lieu of lost warrants.

        Your letter of recent date requesting an opinion
from this department on the above subject matter is, in
part, as follows:

        "This County has been using the following form
        of warrant for payment of debts (I copy my war-
        rant for December salary):

        "'NO. 30104      THE STATE OF TEXAS         $287.77
                         THE TREASURER OF THE
                         COUNTY OF CHEROKEE

        Pay to Morris W. Hassell or Order Bearer
        the sum of Two Hundred Eighty Seven and 77/100
        Dollars out of the Officers Salary Fund being
        the amount allowed by the Commissioners' Court
        of said County at its December Term 1945.

        For December Salary

        Witness my hand and seal of said Court at Rusk,
        Texas, this 21st day of December 1945.

        By /s/ J. Finan Smith | Melvin Sessions, County Clerk
               County Auditor      /s/ Ophelia Fleming, Deputy

        NO. _____ Class
        Registered the ___ day of _____ 194__.

        PAYABLE AT PAR AT FIRST NATIONAL BANK
        JACKSONVILLE, TEXAS
        /s/ Leah P. Williams
              County Treasurer'

"This warrant is issued by the County Clerk, then approved by the County Auditor and then stamped with a rubber stamp and signed by the County Treasurer and used as a check. The warrants we have in question have the same form as this except that they are payable out of different funds for services rendered and material bought for the County.

"When one of these warrants or checks is lost after delivery to the party same is payable to, then what is the procedure for issuing a new one in place of the lost warrant or check? When issued should the new warrant or check bear the number of the old (lost) warrant or check or should it bear a new number and should same be dated as the old warrant or check or should it bear the date as of the time of the new issuance? In the event that the number and date or either of them upon the new warrant or check is determined by the official issuing same then which official determines this matter, that is the County Clerk, County Auditor, or County Treasurer? Should a bond be required of the person getting the new warrant and if so in what amount?"

"The duty of the Commissioners' Court is to transact the business, protect the interest and protect the welfare of the county as a whole." Stovel v. Shivers (Com. of Appeals), 103 S.W.(2d) 363. The Commissioners' Court is also vested with the power to manage and direct the financial affairs of the county. See Loosean v. County of Harris, 58 Tex. 511,514; Colorado County v. Beethe, 44 Tex. 447, 450; Bailey v. Aransas County, 102 S. W. 1159, 1160; 11 Tex. Jur. 603.

It is therefore our opinion that the Commissioners' Court, under the general powers conferred upon it to manage and direct the financial affairs of the County, could in their discretion pass an order authorizing the County Clerk to issue a duplicate warrant, bearing the same date and number of the lost warrant. The Commissioners' Court would be authorized to require such proof as it deems necessary to show that the old warrant is lost and has not been paid, assigned or negotiated. The Commissioners' Court would also be authorized to take such steps as it deems advisable to indemnify the County against possible loss as a result of the issuance of said duplicate warrant or check.

Hon. Morris W. Hassell, page 3


        In view of our discussion above we deem it unnecessary to answer your questions categorically.

                            Yours very truly

                            ATTORNEY GENERAL OF TEXAS

                    By      *J. C. Davis, Jr.*
                            J. C. Davis, Jr.
                                Assistant

                    By      *John Reeves*
                            John Reeves

JR:AMM


APPROVED JAN 31 1946
FIRST ASSISTANT
ATTORNEY GENERAL